TRÍAS ET AL., PETITIONERS, *v.* ROSSY, RESPONDENT.

PETITION for a Writ of Certiorari to the Judge of the District Court of San Juan, Section 2.

No. 233.—Decided January 28, 1919.

CERTIORARI—ATTACHMENT.—Although there are obvious defects or irregularities in an interlocutory proceeding in the lower court to obtain and levy an attachment on defendant's property to secure the effectiveness of such final judgment as may be rendered in favor of the plaintiff, these cannot be successfully attacked on review by certiorari when, as in this case, the defendant withdrew the objection made thereto in the court below. Courts of review are not required on certiorari to scrutinize matters expressly acquiesced in by the petitioners in the lower court, with a view to drawing nice distinctions between matters of procedure that may be so waived and jurisdictional defects that cannot be cured by consent. This principle is equally applicable to general appellate proceedings as well as to proceedings for review by certiorari.

ID.—ID.—VENUE—TRANSFER AND SALE OF PROPERTY—NOTICE.—When, as in this case, an attachment is levied on perishable property belonging to the defendant in a district other than that in which the principal action and the interlocutory proceeding for attachment are prosecuted, and the court sustains a motion that the property be transferred from the district in which it is found to the district in which the action is pending and sold on the ground that it is susceptible of deterioration, the order for the transfer and sale of said attached perishable property is null and void unless there has been strict compliance with the provisions of section 14 of the act to secure the effectiveness of judgments, which requires that the adverse party shall be notified by summons of all steps taken in the course of the proceeding for the attachment of defendant's property for the purpose of securing the effectiveness of such final judgment as may be rendered in favor of the plaintiff.

The facts are stated in the opinion.

*Mr. Cayetano Coll y Cuchí* for the petitioners.

*Mr. José de Guzman Benítez* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In a suit brought in the District Court of San Juan, Section 2, by Pedro Gandía against Arturo Trías and Johann D. Stubbe, for liquidation of the partnership of Gandía & Stubbe, discharge of the liquidator Arturo Trías, and for damages, plaintiff attached as the property of defendant certain tobacco in the municipality of Cidra within the judicial district of Guayama.

The bond, in printed form with blanks to be filled, subscribed and sworn to by plaintiff and two sureties, was for $14,000 and recited that each of the sureties was the owner of real estate, exclusively his, in excess of $20,000 in value, free from all encumbrance, excluding property exempt from execution, and that the said sureties were "taxpayers on real estate representing more than the sum of _____."

The writ was directed to the marshal of the district court out of which it issued, endorsed by him to the marshal of the District Court of Guayama and executed and returned by the latter.

Some three months after the attachment was levied, defendant filed a bond and moved for the release of the property.

A few days later plaintiff moved that 500 quintals of the tobacco in question be brought to San Juan and sold, and a copy of this motion was served on the attorneys for the defendants.

Plaintiff also asked that a day be set for the hearing of this motion.

Thereupon defendants moved for a hearing of their motion to raise the attachment and asked that the consideration of plaintiff's motion be postponed.

Plaintiff next notified defendants that the court had fixed a certain day and hour for a hearing, first, of defendants'

motion to raise the attachment, and, second, plaintiff's motion to sell a portion of the attached property.

Defendants then withdrew their motion to raise the attachment, and the bond previously tendered by them.

It seems that at the hearing on plaintiff's motion for a transfer and sale of the tobacco, defendants opposed the same orally, contending, first, that there was no attachment, and, second, that the attachment was void for want of authority in the marshal of the District Court of Guayama to make the levy, and that at the request of the court briefs were submitted on two points, as follows: First, whether at that stage of the proceedings the question of the validity of the attachment and levy could be raised and determined, and, second, whether the tobacco necessarily was to be sold at public auction.

The argument contained in the brief of defendants in the court below was, in substance, that the tobacco attached was a growing crop and as such constituted a part of the real estate; that the legal requirements for a levy upon real estate had been complied with; that no possession had been taken of the property, or that the possession so taken, if any, had been lost and the attachment abandoned; also, that the attachment had been levied without authority by the marshal of the District Court of Guayama.

Before the court could pass upon these matters the defendants asked leave to withdraw the motion assailing the validity of the attachment and again to present the original motion for substitution by a bond, and at the same time again submitted a bond for the release of the attached property.

The court granted this motion to raise the attachment, on condition that a good and sufficient bond be furnished, the trial judge indicating his willingness to set a day for a hearing as to the qualifications of the proposed sureties, challenged by the plaintiff.

The court, in the course of a subsequent ruling on this point, stated that the defendants had been granted such time and extensions thereof as they had asked and as were deemed necessary by the court, to find satisfactory sureties, and that, of the three names finally submitted, one of the proposed sureties had property sufficient to cover the amount of the bond, the others together being good for the amount of the joint and several obligation assumed by them; but that one of the two last mentioned sureties, as shown by plaintiff, was very heavily involved in other similar outstanding obligations in addition to certain mortgages, and thereupon directed that an order should issue to the marshal of the District Court of Guayama for the transportation of the attached property from Guayama to San Juan, to be sold by the marshal of the San Juan District Court.

Defendants then moved that the order last above mentioned be reconsidered and set aside by reason of its infringement of sections 10 and 14 of the Act to secure the effectiveness of judgments, approved March 1, 1902, and also because the case had been set for trial on its merits and was to be tried within the next twenty days and the sale at public auction of the tobacco in question, and especially the transportation thereof from Guayama to San Juan, would involve considerable loss to defendants, as shown by affidavits attached to the motion.

The court overruled the motion last above mentioned and modified its previous order directing the sale of 780 quintals of tobacco instead of the 500 quintals above mentioned.

The petition for the writ of certiorari heretofore issued herein sets up the order ruling on the sufficiency of the sureties offered by defendants and directing the sale of the property above mentioned, the motion for reconsideration thereof, the order overruling the same, and prays for a reversal of these two orders, because the bond does not comply with section 6 of the law to secure the effectiveness of judgments

above mentioned; because the writ was directed to the marshal of the District Court of San Juan, Section 2, and endorsed by him to the marshal of the District Court of Guayama; because the district court in ruling on the motion of petitioners for leave to substitute the attached property by a personal bond did not confine itself to a disposition of the said motion, but ordered the sale of the attached property without notice to petitioners of such purpose and without opportunity to oppose the same, all contrary to section 14 of the law to secure the effectiveness of judgments above mentioned, which requires that all allegations made by either party in the course of the proceedings shall be substantiated, after notice to the other party, by means of a summons to appear before the court, and giving each party an opportunity to present proof; because the return of the marshal of the District Court of Guayama does not describe either the farm where the levy was made or the property attached with sufficient certainty to identify the same for execution; and because no depositary was named for the property attached, nor was any record made in the registry of property, nor is the manner in which the levy was made set forth, nor were any measures taken to the end that the possession of the attached property might remain under the control of the officer who made the levy.

Section 6 of the act to secure the effectiveness of judgments reads as follows:

"Personal security can only be given by such persons as pay into the Treasury of Porto Rico in the capacity of real estate owners a tax on property representing a capital double the value of the bond required by the court for ordering the remedy."

The law is perfectly plain and, ordinarily, any substantial deviation therefrom would be fatal. Had the objection based on the section last above mentioned been insisted on in the district court, plaintiff would have had small reason to complain if his failure to follow the statute should have

resulted in dissolution of the attachment. At the same time, it is hardly probable that real estate in the hands of only two people and worth $40,000 has either escaped taxation or has been assessed at less than three-fourths of its actual value. Although in the circumstances of this case we would hardly be inclined to indulge this or any presumption in favor of plaintiff, had defendants themselves not withdrawn their objection in the court below, yet we are not disposed to hold in the face of such waiver that the justification now complained of falls so far short of showing the statutory qualifications as to entitle petitioners herein to relief on certiorari.

The direction of the writ only to the marshal of the District Court of San Juan, and the levy made by the marshal of the District Court of Guayama under the mere endorsement of the officer to whom the writ was directed, constitute, to say the least, a gross irregularity; and what has been said with reference to the defective justification of the sureties on the attachment bond applies *a fortiori* to this phase of the case. For the present it will suffice to say that on certiorari we will not scrutinize matters expressly acquiesced in by petitioners in the court below, with a view to drawing nice distinctions between matters of procedure that may be so waived and jurisdictional defects that can not be cured by consent.

"The rule applicable to appellate procedure generally, that objections not raised in the lower court can not be relied on in the appellate court, governs the review on certiorari; and the questions not raised below, or alleged erroneous action as to which no objection was made, can not be presented to, or considered by, the reviewing court." 11 C. J. 193, sec. 343.

The only other point made in the brief of petitioners in this court is the failure to follow the procedure prescribed in section 14 of the Act to secure the effectiveness of judgments. That section requires notice in the nature of a sum-

mons to the opposite party of all allegations made in the course of the proceedings, with an opportunity to be heard and to make a proper showing in opposition to the step proposed. It is true as above stated, that defendants were once notified of the setting of plaintiff's motion to bring the tobacco to San Juan as a matter to be determined, if at all, after a ruling on defendants' motion to quash the attachment. But the motion last mentioned was withdrawn, a bond was tendered in lieu thereof, the attachment was conditionally dissolved and the plaintiff's motion was never reset for hearing nor formally resubmitted. Defendants had no notice nor reasonable ground to suppose that, if the court should decline to approve the bond tendered, an order for the removal of the tobacco from the district of Guayama and for a sale thereof in San Juan would be made in the course of the same ruling. The affidavits attached to the motion for reconsideration of this order, if true, show *prima facie* that the action taken would cause considerable loss and inconvenience to defendants in the event of a judgment for them at the trial about to be had; and, further, that there was no need for haste in order to prevent deterioration of the attached property.

In the circumstances, we cannot say that defendants were not prejudiced, nor that they received the notice and the opportunity to be heard to which they are entitled.

The order directing the removal of the attached property from Guayama to San Juan and providing for the sale thereof in San Juan, and the order refusing to reconsider such action must be

*Set aside.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.